```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

LUIS FERNANDEZ                  :
                                :           PRISONER
    v.                           :   Case No. 3:11cv1827(CFD)
                                :
L. ARNONE and MURPHY            :

<u>ORDER</u>

Petitioner Luis Fernandez, an inmate confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action <u>pro se</u> for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his conviction and twenty-eight year sentence for five counts of sale of narcotics by a non-drug-dependent person and violation of probation.

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. <u>See</u> 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. <u>See</u> 28 U.S.C. § 2244; <u>Williams v. Artuz</u>, 237 F.3d 147, 151 (2d Cir.), <u>cert. denied</u>, 534 U.S. 924 (2001). The district court has the discretion to raise the timeliness of a federal habeas petition <u>sua sponte</u>. <u>Day v. McDonough</u>, 547 U.S.

198, 209-10 (2006).

The Connecticut Supreme Court denied certification on the petitioner's direct appeal on May 21, 2003.  See State v. Fernandez, 264 Conn. 901, 823 A.2d 1220 (2003).  The petitioner thereafter filed a petition for sentence review which was decided on September 27, 2005.  See State v. Fernandez, Nos. CR00110598, CR00110597, CR00108162, 2005 WL 3112861 (Conn. Super. Ct. Sept. 27, 2005).  There is no information available as to when the petition for sentence review was filed.  Thus, for purposes of this order, the court assumes that the petition was filed immediately following the conclusion of the direct appeal.

The petitioner did not file his state habeas action until November 18, 2008, over three years after the denial of his petition for sentence review.  See Fernandez v. Warden, No. CV064000964S, appeal dismissed by, 125 Conn. App. 220, 7 A.3d 432 (2010), cert. denied, 300 Conn. 924, 15 A.3d 630 (2011).  Thus, the limitations period appears to have expired before the petitioner filed his state habeas petition.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have

2

filed on time notwithstanding the extraordinary circumstances." <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000).

The petitioner is afforded **twenty (20)** days from the date of this order to show cause why this petition should not be dismissed as time-barred. Failure to respond to this order will result in the dismissal of this case.

**SO ORDERED** this _5th_ day of December 2011, at Bridgeport, Connecticut.

>                     /s/
>     HOLLY B. FITZSIMMONS
>     UNITED STATES MAGISTRATE JUDGE