```
                     UNITED STATES DISTRICT COURT

                        DISTRICT OF CONNECTICUT



LUIS FERNANDEZ                     :
                                   :             PRISONER
     v.                            :   Case No. 3:11-cv-1827 (JBA)
                                   :
L. ARNONE, et al.                  :
```

**RULING ON RESPONDENTS' MOTION TO DISMISS [Doc. #15]**

Petitioner Luis Fernandez, an inmate confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his conviction for sale of narcotics and possession of narcotics. Respondents move to dismiss the petition on the grounds that the claims are not exhausted, some of the claims are not cognizable in a federal habeas petition and other claims lack merit. For the reasons that follow, the respondents' motion is granted.

**I.   Procedural Background**

Petitioner was convicted, following a jury trial, of five counts of sale of narcotics by a non-drug-dependent person, five counts of possession of narcotics and one count of violation of probation. On October 5, 2001, the court sentenced the petitioner to a total effective term of imprisonment of twenty-eight years, composed of twenty years on the narcotics charges and a

reinstatement of the original eight-year unexecuted probationary sentence. On direct appeal, Petitioner raised two grounds, improper admission of evidence of prior misconduct and insufficient evidence to support his conviction for sale of narcotics by a non-drug-dependent person. The Connecticut Appellate Court affirmed the conviction. *See State v. Fernandez*, 76 Conn. App. 183, 184, 818 A.2d 877, 879 (2003). In his petition for certification, the petitioner abandoned the sufficiency of the evidence claim. (*See* Resp'ts' Mem. App. E at 1.) On May 21, 2003, the Connecticut Supreme Court denied the petition for certification. *See State v. Fernandez*, 264 Conn. 901, 823 A.2d 1220 (2003).

On December 15, 2003, Mr. Fernandez filed his first state habeas petition including twelve instances of ineffective assistance of trial counsel. The petition was withdrawn on December 15, 2005. (*See* Resp'ts' Mem. App. F.)

On February 14, 2006, Petitioner filed his second state habeas petition including four instances of ineffective assistance of trial counsel. The court denied the petition following a hearing. *See Fernandez v. Warden*, No. CV064000964S, 2011 WL 1734457 (Conn. Super. Ct. Apr. 11, 2011). The appeal of the denial of the second petition remains pending.

On November 18, 2008, while the second state habeas action was pending, Petitioner filed a third state habeas petition challenging his conviction on five grounds: (1) he was given a disproportionate

2

sentence because he is a foreign national; (2) he is being detained as an enemy combatant and forced into slavery; (3) the court lacked personal and subject matter jurisdiction over his claims and double jeopardy; (4) his confinement is a form of torture against a foreign national; and (5) the Sentence Review Division improperly concluded that his sentence did not violate his rights under the Equal Protection and Due Process Clauses and the Eighth Amendment. (*See* Resp'ts' Mem. App. H.)  On November 26, 2008, the state court rejected the petition under state procedural rules as "wholly frivolous on its face."  *See* Conn. Practice Book § 23-24(a).  The state court declined to take action on the petitioner's petition for certification to appeal because no judgment had entered.  The Court of Appeals construed the lack of action as a denial of certification and, on November 23, 2010, determined that the state court had not abused its discretion in determining that the claims in the petition were frivolous and dismissed the appeal.  *See Fernandez v. Commissioner of Correction*, 125 Conn. App. 220, 222-24, 7 A.3d 432, 434-35 (2010), *cert. denied*, 300 Conn. 924, 15 A.3d 630 (2011).

In November 2011, Petitioner commenced this action.  In his amended petition, Mr. Fernandez challenges his conviction on four grounds: (1) lack of a full and fair hearing on his third state habeas petition and a chance to amend the petition; (2) failure to

appoint counsel for the third state habeas petition; (3) double jeopardy; and (4) disproportionate sentence.

## II.  Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

Before filing a petition for writ of habeas corpus in federal court, the petitioner must exhaust his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry: first, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it; and second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005). Even if claims are unexhausted, however, the court retains the ability to review and deny such claims on the merits. *See* 28 U.S.C. § 2254(b)(2); *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

## III. Discussion

Respondents argue that Mr. Fernandez has not exhausted his state court remedies on any of the grounds for relief, that the first two grounds for relief are based on state law and are not

cognizable in a federal petition, and that the remaining grounds lack merit.

### A. State Law Grounds

In his first two grounds for relief, Petitioner argues that he was neither afforded a proper hearing and chance to amend his petition nor appointed counsel to assist him on his third state habeas petition.

Proper grounds for a federal habeas petition are claims that a state conviction or custody violate the Constitution or federal law. *See* 28 U.S.C. § 2254(a) (federal court entertains petition for writ of habeas corpus challenging state court conviction only if petitioner claims that custody violates the Constitution or federal laws). Neither the Constitution nor federal law requires that states provide post-conviction remedies. *See Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) (Constitution does not require states to provide post-conviction remedies); *Word v. Lord*, 648 F.3d 129, 131-32 (2d Cir. 2011) (holding that errors in state post-conviction proceeding are not cognizable in a federal habeas petition); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (prisoner has no constitutional right to counsel in collateral attack on his conviction). Since state habeas proceedings are not required under the Constitution or federal law, any errors occurring during a state habeas proceeding are not cognizable in a federal habeas petition. Accordingly, Respondents'

5

motion to dismiss is granted as to the first two grounds for relief.[1]

### B. Double Jeopardy Claim

Petitioner asserts the same double jeopardy claim he included in his third state habeas petition, namely that charging him both with possession of narcotics by a person who is not drug dependent and possession of narcotics violated his right to be free from double jeopardy.

The Fifth Amendment's Double Jeopardy Clause provides that no person shall be "subject for the same offense to be twice put in jeopardy of life and limb." The Connecticut Appellate Court acknowledged that, if the petitioner had been convicted of the two charges referenced in the statement of the ground for relief, he would have a viable double jeopardy claim. However, as the petitioner clearly stated in his petition that he was convicted of possession of narcotics and sale of narcotics, two different crimes, the Connecticut Appellate Court concluded that the allegations clearly refuted any double jeopardy claim. *See*

---

[1] The cases cited by Petitioner in support of these grounds are inapposite. *Holiday v. Johnston*, 313 U.S. 342 (1941), concerns procedures dealing with a federal habeas petition, not a state petition. *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988), concerns the right to an evidentiary hearing in a federal habeas proceeding. As neither case deals with a prisoner's rights at a state habeas proceeding, they do not support Petitioner's arguments.

*Fernandez v. Commissioner of Correction*, 125 Conn. App. at 224 n.4, 7 A.3d at 435 n.4.

Petitioner clearly states, both in the amended petition and his opposition to the motion to dismiss, that he was convicted of sale of narcotics and possession of narcotics, not the charges described in the statement of this claim.  (*See* Amend. Pet. [Doc. #11] at 2, ¶3; Pet.'s Opp'n [Doc. #27] at 4.)  The actual charges also are set forth in the Connecticut Appellate Court's decision on direct appeal.  *See State v. Fernandez*, 76 Conn. App. at 183, 818 A.2d at 879.  As there is no factual basis for a double jeopardy claim, Respondents' motion to dismiss is granted and the petition denied on the third ground for relief.

### C. Disproportionate Sentence

In his final ground for relief, Petitioner argues that he was given a disproportionate sentence.  The Second Circuit has held that a challenge to the term of imprisonment is not cognizable in a federal habeas action if the sentence is within the statutory range.  *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

Petitioner was convicted of five counts of sale of narcotics by a non-drug-dependent person in violation of Conn. Gen. Stat. § 21a-278(b).  Each count carries a possible sentence of not less than five years nor more than twenty years imprisonment for a first offense, and not less than ten years nor more than twenty-five years imprisonment for each subsequent offense.  Petitioner was

also convicted of five counts of possession of narcotics in violation of Conn. Gen. Stat. § 21a-279(a). Each count carries a possible term of imprisonment of not more than seven years for a first offense, not more than fifteen years for a second offense and not more than twenty-five years for any subsequent offense; and fines are also authorized under this section.

Petitioner was sentenced to a term of imprisonment of twenty years on each of the five sale of narcotics counts and seven years on each of the five possession of narcotics counts. All sentences were to run concurrently and were to run consecutive to the eight-year unexecuted sentence imposed for violation of probation. (*See* Resp'ts' Mem. App. B. at 16-17, 29-31.) The twenty year sentence is within the statutory range. Thus, Petitioner's claim is not cognizable in a federal habeas corpus action; and Respondents' motion to dismiss is therefore granted as to the fourth ground for relief.

**IV. Conclusion**

Respondent's motion to dismiss [**Doc. #15**] is **GRANTED** and the petition is denied.  Because the petitioner has not shown that he was denied a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 6th day of March 2013, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge